**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| ML DESIGN GROUP, LLC, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 12-5883 (MAS) (TJB) |
| | : | |
| YOUNG MANUFACTURING | : | **MEMORANDUM OPINION** |
| CO., INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**SHIPP, District Judge**

      This matter comes before the Court upon Defendants Young Manufacturing Company, Inc. ("Young Manufacturing") and Robert Young's ("Mr. Young") (collectively, "Defendants"), Motion to Transfer ("Defendants' Motion"), pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). (Defs.' Br. 3, ECF No. 4-1.) Plaintiff ML Design Group, LLC ("ML Design" or "Plaintiff"), filed Opposition.[1] (ECF No. 18.) Defendants filed a Reply. (ECF No. 19.) The Court has carefully considered the submissions and decided the matter without oral argument pursuant to Rule 78. For the reasons stated below, and other good cause shown, Defendants' Motion to Transfer Venue to the Western District of Kentucky is GRANTED.[2]

---

[1] The Court kindly reminds Plaintiff's counsel to consult the local rules and be sure to conform to spacing requirements outlined in Local Civil Rule 7.2(d).

[2] Consequent to granting this motion, Defendants' contentions regarding this Court's lack of personal jurisdiction over Mr. Young, as well as the substantive portion of the motion to dismiss based upon Rule 12(b)(6), need not be resolved. Defendants are instructed to file appropriate motions upon transfer of this case to the Western District of Kentucky.

## I.      Background

ML Design "is a Florida Limited Liability Company with its principal place of business [in] . . . South Miami, Florida." (Compl. ¶ 5, ECF No. 1.) The business is run by two members, of which only one, Michael Lopez ("Mr. Lopez"), is familiar with the specific facts of this action. (Pl.'s Opp'n 5.) Mr. Lopez is also the inventor of the "Step ReTread System and Apparatus," over which the Plaintiff has exclusive ownership through United States Design Patent No. D644,743 ('743 Patent). (Compl. ¶¶ 10-11.) Although the business is based in Florida, Mr. Lopez resides and stores nearly all relevant documents in Point Pleasant, New Jersey. (Pl.'s Opp'n 3.)

Plaintiff asserts that Young Manufacturing produced and patented the "RETROTREAD" stair tread and riser products, which allegedly infringe on ML Design's '743 Patent. (Compl. ¶¶ 15-24.) Young Manufacturing's principal place of business is in Kentucky and it is also incorporated in Kentucky. (Defs.' Br. 3.) Young Manufacturing also "maintains all of its manufacturing, marketing, and sales facilities" in Kentucky and sells its products nationally through regional distributors. (*Id.* at 3.) Additionally, Mr. Young, the president of Young Manufacturing, resides in Kentucky and has never personally conducted business nor owned property in New Jersey. (*Id.*)

## II.     Analysis

In federal court, transfer of venue is governed by two statutes: 28 U.S.C. §§ 1404(a) and 1406(a). While section 1406(a) applies only when the original venue is improper, "[s]ection 1404(a) provides for the transfer of a case [even] where . . . the original . . . venue [is] proper." *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Under section 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party moving

2

for a transfer of venue bears the burden of demonstrating that the balance of private and public factors weighs "strongly" in favor of transfer. *See Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947); *Jumara*, 55 F.3d at 879. "The burden is not on the plaintiff to show that the proposed alternative forum is inadequate. On the contrary, the burden is on the moving party to show that the proposed alternate forum is not only adequate but also more convenient than the present forum." *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993).

The Third Circuit has concluded that "[s]ection 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007). In exercising its discretion, the transferor court must evaluate whether a venue transfer would further the goals of section 1404(a), which are "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26-27 (1960)).

This evaluation requires the Court to balance various private and public interests related to the transfer. *Jumara*, 55 F.3d at 879. In *Jumara*, the Third Circuit provided a list of factors a district court should consider. The private interest factors include:

> [1] plaintiff's forum preference as manifested in the original choice, [2] the defendant's preference, [3] whether the claim arose elsewhere, [4] the convenience of the parties as indicated by their relative physical and financial condition, [5] the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum) . . . .

*Id.* (internal citations omitted). The public interest factors include:

> [1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty

3

in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (internal citations omitted).

When requesting transfer, the "moving party has the burden of demonstrating by a preponderance of the evidence that transfer is appropriate." *Larami Ltd. v. YES! Entm't Corp.*, 244 B.R. 56, 61 (D.N.J. 2000). Ultimately, however, the "decision to transfer venue is committed to the discretion of the district court." *Id.* at 61.

### A.   Deference to Plaintiff's Choice of Forum is Weaker Outside its Home State and Remaining Private Interest Factors Favor Transfer

Here, the Court finds it appropriate to grant transfer pursuant to section 1404(a) because the private and public interests in favor of transfer overcome deference to the Plaintiff's forum choice. Additionally, a decision to transfer under section 1404(a) precludes the need to decide whether this Court can assert personal jurisdiction over the Defendants. *See Schwilm v. Holbrook*, 661 F.2d 12, 13 (3d Cir. 1981) ("[The] transferor court need not have had jurisdiction over the defendant to effect a transfer under section 1404(a).").

The Court affords the Plaintiff lesser deference in its forum choice because New Jersey is not the Plaintiff's home state. Even where a company may conduct substantial business, it is not the company's "home state" unless it is the place of incorporation or the principal place of business. *See Ricoh*, 817 F. Supp. at 481 (finding the state in which a business "maintain[ed] its U.S. marketing headquarters . . . and conduct[ed] all U.S. sales and marketing efforts" was not the home state because it was not the principal place of business nor the place of incorporation); *Am. Tel. & Tel. Co. v. MCI Comm'ns Corp.*, 736 F. Supp. 1294, 1306 (D.N.J. 1990) (finding that New Jersey was not the home state despite AT&T's "considerable presence" because New York was the place of incorporation and principal place of business). Therefore, because Plaintiff's

4

Complaint states that it "is a Florida Limited Liability Company with its principal place of business [in] . . . South Miami, Florida," New Jersey is not Plaintiff's home state. (Compl. ¶ 5.)

If a Plaintiff files suit outside its home state, a lack of "operative events" in the forum state subjects Plaintiff's forum choice to a particularly "high risk of being overridden." *Duckworth v. United States*, No. 09-1212 (GEB), 2009 WL 2231199, at *2 (D.N.J. July 24, 2009). In "patent infringement action[s], the claim 'arises' where the 'development, testing, research and production' of the alleged infringing activity occurred 'as well as where the marketing decisions were made . . . .'" *Kirker Enters., Inc. v. Genosco*, No. 11-3195 (WJM), 2011 WL 6002520, at *2 (D.N.J. Nov. 29, 2011) (quoting *Refined Recommendation Corp. v. Netflix, Inc.*, No. 07-4981 (DMC), 2008 WL 474106, at *4 (D.N.J. Feb. 15, 2008)); *see also Auto. Techs. Int'l, Inc. v. OnStar, LLC*, No. 11-2490 (SRC), 2011 WL 6303251, at *3 (D.N.J. Dec. 15, 2011) ("[T]he district court ought to be as close as possible to the area of the infringing device and the hub of activity centered around its production."). Therefore, Defendants' advertising and sales are insufficient to require substantial deference to Plaintiff's forum choice when Kentucky is the location where the alleged infringing activities are taking place. *See Kirker*, 2011 WL 6002520, at *2 (concluding that "limited sales activity" is not indicative of where a claim arose).

Consequently, the Court must consider convenience to the parties and witnesses, and the location of pertinent documents, *see Jumara*, 55 F.3d at 879, while recognizing that modern technology has "substantially reduced" the "burden of having to litigate in a distant forum." *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215, 218 (D. Del. 1993). Plaintiff argues that Trenton's proximity to nearby airports makes it convenient for Defendants to travel to New Jersey. Because Point Pleasant is nearby, however, it also establishes that it would be convenient for Plaintiff to travel to another state. Nearby airports, in light of modern affordable

methods to transport information, indicate that transfer to the Western District of Kentucky would only minimally burden the Plaintiff's two-member company. *See Wesley-Jessen*, 157 F.R.D. at 218 ("[T]echnologies have shortened the time it takes to transfer information, reduced the bulk or size of the documents . . . , and have lowered the cost of moving that information.").

In addition, transfer would substantially reduce the Defendants' burden to transport documents and staff pertaining to a much larger operation. *Compare* (Defs.' Reply 8, ECF No. 19) ([Young Manufacturing is a] "relatively large company, with over 200 employees."), *with* (Pl.'s Opp'n 5) ("ML [Design] is a relatively young company consisting of two members; [only one of whom is directly involved in this action].")." Moreover, "perhaps the most important factor" is the inconvenience to Kentucky witnesses if this Court were to deny transfer. *Headon v. Colo. Boys Ranch*, 2005 WL 1126962, at *7 (E.D. Pa. May 5, 2005).

**B.    Public Interest Factors Favor Transfer**

While considerations of docket congestion and enforceability of judgment may slightly favor transfer, a comparison of each forum's local interests is more definitive.  *See Textron Innovations, Inc. v. The Toro Co.*, 2005 WL 2620196, at *3 (D. Del. Oct. 14, 2005) ("[T]he court is not persuaded that any disparity in court congestion, to the extent there is any, will be so great as to weigh strongly in favor of a transfer."); *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 760 (D. Del. 2012) ("[P]atent claims are governed by federal law, and as such both [courts are] capable of applying patent law to infringement claims.") (quoting *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008)). Although "patent issues [generally] do not give rise to a local controversy," *Intellectual Ventures*, 842 F. Supp. 2d at 760 (quoting *TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008), "significant connections between

6

a particular venue and the events that gave rise to a suit . . . should be weighed in that venue's favor." *In re Hoffmann–La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

New Jersey's interests arise from the sales that Plaintiff and Defendants conduct outside their respective home states. In patent cases, however, "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche*, 587 F.3d at 1338. Therefore, the Western District of Kentucky's interest in regulating a Kentucky business outweighs New Jersey's interest in this dispute.

Defendants have established by a preponderance of evidence that transfer is appropriate "in the interest of justice." 28 U.S.C. § 1404(a). In contrast, Plaintiff chose to bring suit in a forum outside its "home turf," and failed to provide adequate data to mitigate the evidence favoring transfer. *See Ricoh*, 817 F. Supp. at 485 (finding that plaintiff accepted the inconvenience of travel because it chose to bring suit in a state outside of its home turf). Consequently, the Court GRANTS Defendant's Motion to Transfer Venue.[3]

### III.   Conclusion

For the reasons stated above, Defendants' Motion to Transfer is GRANTED. An Order consistent with this Opinion will be entered.

_____s/ Michael A. Shipp_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: June 17th, 2013

---

[3] Because permissive transfer of this action is appropriate under 28 U.S.C. § 1404(a), analysis pursuant to § 1406(a) is not required.

7